No. 183

ABSHIRE v. CITY RY. CO.

No. 19414. Supreme Court

On motion to certify. Dock. Nov. 12, 1925; 3 Abs. 722.

94. ARBITRATION—Does violation of an arbitration agreement make person breaching same liable in damages resulting from such act?

Leslie Abshire brought this action originally in the Montgomery Common Pleas against the City Railway Co. in which he sought to recover damages for a breach of an alleged contract of employment with the Company.

Abshire, it seems had left the employ of the Company because of a disagreement as to wages and means of arbitrating disputes arising between him and the Company. In 1920 the parties entered into a contract the terms of which provided that any grievances which might arise in the future would be submitted for arbitration; and certain excess compensation would be paid for overtime employment; and that a temporary wage scale would be adopted until the matter had been settled by action of the city council of Dayton. It was further provided that no discrimination would be shown to such employees who had left the employ of the Company by reason of the disputes with the Company. The provisions of the contract were to be in effect from July 6, 1920 to July 6, 1921, and from year to year unless changed by the parties, by arbitration, or unless the council passed an ordinance repealing or modifying the enactment fixing rates per fare.

Abshire, it is claimed, returned to the employ of the Company under this contract, but on June 6, 1921, the Company by notifying its employees by means of a bulletin, announced that it would no longer pay the wage scale provided in said agreement. The other employees and Abshire wese further informed that in case they did not care to waive their claim for arbitration in future disputes and did not care to accept the reduced wage scale; the only recourse would be to leave the employment of the company.

Abshire sought to recover damages in the sum of $5000, claiming that although he had endeavored to obtain similar employment, his efforts were not rewarded; and that his average earning capacity since said discharge did not exceed $20 per week.

The demurrer to the petition was sustained, but the Court of Appeals reversed this ruling. On re-trial the court below took from consideration of the jury all the evidence and instructed them to bring in either a verdict for the company or one for Abshire. A verdict was returned for nominal damages. This judgment was affirmed by the Court of Appeals. On motion to certify, Abshire makes the following contentions:

1. The violation of an arbitration agreement lays the person so violating that agreement liable to any real damages resulting from that act.

2. The violation by the employer of the terms of his contract in some essential respect operates as a discharges of the contract of empolyment.

3. The violation of the arbitration agreement was the violation of an essential condition of employment, and whether this constituted an unlawful discharge from employment was a question for the jury.

4. The contract of employment was for a term so long as Abshire performed his services in a reasonably efficient manner, and its breach therefore entitled him to substantial damages.

It is claimed that "If one of the parties to the submission revokes it, such revocation makes each party free to make use of the original cause of action or defense, as the case may be; but it also renders the person who breaks such contract of submission liable in damages to the adverse party."

Attorneys—Marshall & Harlan for Abshire; McMahon, Corwin, Landis & Markham for Company; all of Dayton.